No. 12,390.

SUCCESSION OF MARCO GIVANOVICH; JOHN A. BARLOW, EXECUTOR
TO DISTRICT COURT.

An act of the Legislature which imposes a succession tax upon the amount going
to foreign heirs, legatees or donees, is a bill for the purpose of raising revenue,
within the contemplation of Art. 130 of the Constitution, which should originate
in the House of Representatives.

A PPEAL from the Tenth Judicial District Court for the Parish of
Natchitoches.  *Hunter, J.*

---

*Scarborough & Carver* for Executor, Appellee.

---

*John M. Tucker* for Absent Heirs.

---

*Phanor Breazeale* and *Branch K. Miller* for Opponent, Appellant.

---

Argued and submitted February 17, 1897.
Opinion handed down March 15, 1897.
Rehearing granted June 19, 1897.
Argued and submitted on rehearing February 25, 1898.
Opinion handed down March 21, 1898.

---

The opinion of the court was delivered by

WATKINS, J.   The Charity Hospital of the city of New Orleans
through the State of Louisiana opposed the homologation of the
account stated by the executor claiming from the succession ten *per
centum* on all sums of money going to foreign legatees, under and in
pursuance of Act 130 of 1894, the residuary legatee being a citizen of
the Empire of Austria-Hungary, and the particular legatees having
the same citizenship.

The executor proposing the distribution of funds, takes the posi-
tion that the succession of the deceased testator is not liable for the
tax, on the ground that citizens of the Empire of Austria are exempt
from same by virtue of the terms and stipulations of the existing
treaty between the government of the United States and the afore-
said Empire.

40

And upon the further ground that Act No. 130 of 1894 imposes a succession tax of ten per cent. for the use and benefit of the Charity Hospital upon such amount as may go to foreign heirs, legatees and donees; that is to say, such persons as may be beneficiaries of the deceased and not domiciliated in the State of Louisiana, and not being citizens of any State or territory of the United States of America; and that same is unconstitutional and void because it conflicts with and is in opposition to the requirements of Art. 130 of the Constitution of the State, which requires all bills for raising revenue and appropriating money to originate in the House of Representatives—said act having originated in the Senate.

In Succession of Sala, 49 An. —, this day decided, a similar question was presented and determined by this court, and it reached the conclusion that the charge of unconstitutionality of the law was well taken, and so decided.

In the lower court there was judgment in favor of the executor, approving and homologating his account, and rejecting the demands of the opponent—not disposing of the objection of unconstitutionality of the law—and the opponent prosecutes this appeal.

Without passing upon the treaty rights and exceptions of the foreign legatee, we will follow our ruling in succession of Sala, and place our decree upon the ground that the legislative act is unconstitutional.

Judgment affirmed.

McENERY, J., concurred in a separate opinion.

---

ON APPLICATION FOR REHEARING.

The opinion of the court was delivered by

WATKINS, J. In the succession of Pablo Sala, this day decided on rehearing, we held, upon a rehearing of the question of the unconstitutionality of Act 30 of 1894, that our former opinion was correct, and the act unconstitutional and therefore void.

On the rehearing of this cause the question was thoroughly examined, and reargued with great learning and ability on both sides, but neither that argument nor the authorities cited has, in the least degree, shaken our conclusions; on the contrary, they have confirmed us in the correctness of our original conclusions.

It is therefore ordered and decreed that our original judgment and decree remain undisturbed.